OPINION. Murdock, Judge: The Commissioner seeks to avoid the bar of the statute of limitations on the assessment and collection of the deficiencies and the additions to the tax on the ground that the return filed for each taxable year was false and fraudulent with intent to evade tax within the meaning of section 276 (a). He also contends that a part of each deficiency was due to fraud with intent to evade tax. He has the burden of proof on those issues. The petitioners, in their brief, have abandoned their objection to the use of the net worth and expenditures method in determining Brame’s net income. Holland v. United States, 348 U. S. 121. It is reasonably clear from the record that Brame did not have any substantial amount of cash at the end of 1941 or at the end of 1943. The petitioners concede as much in their briefs. Brame submitted a sworn statement to the revenue agents before his death to the effect that he had cash of $8,000 or $9,000 in January 1942, and that was increased by about $16,000 from the sale of his farm in 1943, but he had made other statements that he never possessed any substantial amount of cash. The evidence shows that his earned income was small prior to 1944, he was slow in paying creditors, he had numerous checks returned for insufficient funds, he frequently borrowed small amounts at high rates of interest, his bank balances were small and he represented in net worth statements that he had only small amounts of cash on hand in 1941 and prior thereto. Likewise, the evidence shows that his wife Minnie, whom he married in 1944, had no substantial amount of cash or other assets on hand at that time. The Commissioner, in determining the deficiencies by the net worth and expenditures method, has allowed sufficient amounts to represent the cash held by Brame at the end of 1941 and at the end of 1943 and the assets owned by Minnie at the time of her marriage to Brame. The Commissioner, in determining the deficiencies for 1944 and later years, did not err by including in the net worth statement assets acquired during those years in the name of Minnie. The evidence shows that Brame used Minnie’s name and the names of other relatives for his own purposes in making numerous transactions, all of which were for his own. benefit. Minnie had no such transactions of her own. The Commissioner, to show that the returns for 1942 and 1943 were false and fraudulent with intent to evade tax, has proven omissions of only $966.33 and $382.90. Brame was not then sheriff. The evidence as a whole fails to disclose in clear and convincing fashion that his returns for those 2 years were false and fraudulent with intent to evade tax. This is not to say that amounts were not omitted from the returns which should have been reported for those years, but the amounts and circumstances are such that fraud cannot fairly be inferred. The assessment and collection of the deficiencies and additions for those years is barred by the statute of limitations. The evidence in regard to the years 1944 through 1947 clearly and convincingly shows that the returns for those years were false and fraudulent with intent to evade tax. It shows sources from which Brame derived large amounts of income, and it shows that large amounts of income were consistently omitted from the returns during those years. It is clear that Brame, in his capacity as sheriff, demanded either directly or indirectly that money be paid him by persons engaged in illegal liquor activities to protect them from raids and arrest by the sheriff’s officers. The petitioners claim that those protection payments have not been traced into the hands of Brame and that the witnesses for the Commissioner on this point are persons not worthy of belief. Careful consideration has been given to the evidence on this point. It is obvious that the witnesses were not persons of the highest character or they never would have been engaged in the illegal businesses and the resulting activities with Brame. However, the Court is satisfied from the record that money was paid for protection and that that money found its way into the hands of Brame. Those ill-gotten gains were á part of the omitted income. Brame likewise used illegal procedures in his transactions in forfeited tax lands. He expended large amounts of money in each taxable year which could have come from no other source than taxable income. He failed to keep proper records. He knew that his income far exceeded the amounts which he disclosed to the representatives of the Bureau of Internal Revenue whose aid he sought in making out his returns for these taxable years. He consistently omitted from his returns large portions of his taxable income which he knew he had received. The Commissioner, in sustaining his burden of proof on the fraud issues, does not have to prove the precise amount of income omitted for any year where the evidence shows that the amount omitted in each of the 4 years was at least substantial. Jelaza v. United States, 179 F. 2d 202; Johnson v. United States, 319 U. S. 503. The record as a whole leads inescapably to the conclusion that his omissions were deliberately made for the purpose of avoiding tax. The Court has made findings that the return for each of the years 1944 through 1947, each of which is in evidence, was false and fraudulent with intent to evade tax so that no statute of limitations applies. A finding that a part of the deficiency for each year was due to fraud with intent to evade tax has also been made. The petitioners did not contest the determination for 1948, and the only issue remaining which requires decision is whether for any year the amount of the deficiency was less than that determined by the Commissioner. The petitioners make certain contentions of that kind and they have the burden of proof. The Commissioner has made a few minor concessions which will slightly reduce the net income as originally determined by him under the net worth and expenditures method. Also, he filed a third amended answer in which he concedes that the deficiency for 1947 and the addition thereto under section 293 (b) should be reduced. Those concessions, being against interest, must be taken into account in the computation under Rule 50. The petitioners raised an issue in regard to credits for dependents but introduced no proof on the point. The petitioners also claim that the living expenses and other nondeductible expenditures used by the Commissioner in determining net income were excessive. Brame supported four adults and one minor child during each of the taxable years now under discussion. The evidence does nót show that his expenditures for the purposes mentioned were less than the amounts determined by the Commissioner. The Commissioner, filed an answer claiming additional deficiencies and additions to the tax for the years 1944, 1945, and 1946, but failed to introduce evidence to sustain those allegations. Alternative contentions of the Commissioner do not require decision. Decision will be entered v/nder Bule 60.